IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**KENNETH WRINKLE, JR.**                                             **PLAINTIFF**
**ADC #092510**

v.                        No: 2:22-cv-00002-DPM-PSH

**DOE; ARK COUNTY DEN CENTER**                    **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Kenneth Wrinkle, Jr. filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on January 3, 2022, while incarcerated at the Arkansas County Detention Center (Doc. No. 1). Wrinkle was ordered to file an amended complaint to clarify his claims and to specifically describe how his constitutional rights were violated, to

name and/or describe the defendant(s) who were personally involved in the violation of his constitutional rights, and to state how he was injured as a result. *See* Doc. No. 7. Wrinkle has filed an amended complaint (Doc. No. 8). For the reasons described below, the undersigned finds that Wrinkle fails to describe facts sufficient to state a claim for relief and recommends dismissal of his claims.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  It appears that Wrinkle is asserting an Eighth Amendment claim[1] based on the cold temperatures in his cell.

Wrinkle's complaint is subject to dismissal because he has not named or described any defendants other than the Arkansas County Detention Center.  The Arkansas County Detention Center is not an entity subject to suit under § 1983.  *See De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001).  Additionally, although he was instructed to name or describe the individuals he believes violated his rights in his amended complaint, he has not done so.

Wrinkle also fails to describe a constitutional violation.  He alleges:

> In 2021 when there was 2 foot of snow we had no heat at all it was 2° out side an we had no heat at all I wrote a grievance every day asking them to please fix our heat.  They kept saying its being fixed but never was until it warmed up out side. I am not a animale.  An I was told if I came out of my cell with a blankit i would B locked down.  Im in hear now to day an we had to get some one to call the gov. to get it fixed now.  We should not have to freeze we are human

Doc. No. 8 at 4.

---

[1] Wrinkle is a convicted prisoner in jail on a parole violation.  Doc. No. 8 at 3.  He is listed as an Arkansas Division of Correction (ADC) inmate on the Arkansas County Waiting List on the ADC's website.  *See* https://apps.ark.org/inmate_info/search.

To support an Eighth Amendment violation, a plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.' . . . The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981) and *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)). "[D]iscomfort compelled by conditions of confinement, without more, does not violate the amendment." *Smith v. Coughlin*, 748 F.2d 783, 787 (2nd Cir. 1984) (quoting *Jackson v. Meachum*, 699 F.2d 578, 581 (1st Cir. 1983)).

The Eighth Amendment guarantees prisoners the right to adequate shelter and protection from extreme cold, and courts examine allegations of the severity of the cold and the length of time a prisoner is exposed to it. *Dixon v. Godinez,* 114 F.3d 640, 642 (7th Cir. 1997). *See e.g.*, *Corselli v. Coughlin*, 842 F.2d 23, 27 (2d Cir. 1988) (plaintiff alleged he was exposed to cold temperatures for approximately three months and it was so cold that ice was forming in his toilet); *Dixon v. Godinez*, 114 F.3d at 644 (plaintiff testified "that ice persistently formed on the walls of the cells

suggest[ed] that temperatures in the cell block were literally freezing, during the day as well as at night, and that this condition continued unchanged for several winters"); *Bennett v. Chitwood*, 519 Fed. Appx. 569, 574 (11th Cir. 2013) (no objectively serious deprivation was demonstrated where the "case [was] not one in which ice formed inside the cell"); *Diggs v. Godinez*, 1997 WL 308847, at *6 (N.D. Ill. June 3, 1997) (plaintiff asserted "that ice often formed on the inside of [the plaintiff's] own cell, and that [the plaintiff] lacked extra blankets or a space heater" for one year); *Dillingham v. Schofield*, 2011 WL 3664470, at *8 (E.D. Tenn. Aug. 19, 2011) (plaintiff alleged that the temperature outdoors was below zero and that ice formed in the cell for a period of three days, which caused the skin on the plaintiff's fingers to crack and bleed).

Wrinkle's allegations that he was forced to endure a cold temperature, without more, do not state a constitutional violation. He states that at some point in 2021 the temperature was 2 degrees and there was no heat at the detention facility. He does not, however, state when or how long he was exposed to this sort of extreme temperature. As indicated above, the length of time an inmate is exposed to extreme cold is significant in determining if he was exposed to a serious deprivation of rights. Without allegations regarding the severity of the cold *and* the length of time a prisoner is exposed to it, Wrinkle simply does not assert sufficient facts to state a claim of a constitutional violation. Accordingly, Wrinkle does not state a claim

5

under the Eighth Amendment based on the cold temperatures in his cell and based on his failure to name any defendants responsible for such claimed conditions.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1. Wrinkle's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 22nd day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE